**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RODRIGO RIVAS, as an individual, and
on behalf of all others similarly situated,

Plaintiff - Appellee,

v.

TERMINIX INTERNATIONAL
COMPANY, a Delaware corporation;
ERNEST WALKER,

Defendants - Appellants.

No. 13-17672

D.C. No. 3:13-cv-04962-MMC

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

Argued and Submitted December 7, 2015
San Francisco, California

Before: WARDLAW, W. FLETCHER, and MURGUIA, Circuit Judges.

Defendants Terminix International Company and Ernest Walker

(collectively "Terminix") appeal the district court's grant of Plaintiff Rodrigo

Rivas's motion for dismissal without prejudice under Federal Rule of Civil

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Procedure ("FRCP") 41(a)(2). We have jurisdiction under 28 U.S.C. 1291, and we affirm.

Rivas originally filed his class and representative action against Terminix in state court. Terminix removed the case to federal court under the Class Action Fairness Act of 2005. After arriving in federal court, Rivas filed an amended complaint, which included only a single cause of action based on California's Private Attorneys General Act of 2004 ("PAGA"). The PAGA claim, standing alone, would not have provided a basis for removal. Rivas moved unsuccessfully for remand. Terminix moved to compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. Rivas then moved for dismissal without prejudice under FRCP 41(a)(2). The court granted Rivas's motion, and denied Terminix's motion as moot.

When Terminix removed this case to federal court, neither the California Supreme Court nor our court had determined whether employees could waive their right to bring a PAGA action in an arbitration agreement. The legal landscape has since changed. In June 2014, the California Supreme Court ruled that an employee's right to bring a PAGA action is unwaivable. *See Iskanian v. CLS Transp. L.A., LLC*, 327 P.3d 129, 148-49 (Cal. 2014), *cert. denied*, 135 S. Ct. 1155 (2015). In September 2015, we held that the *Iskanian* rule is not preempted by the

Federal Arbitration Act. *See Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 431 (9th Cir. 2015). 3333

Because both the California Supreme Court and our court have now held that waivers of representative PAGA claims are unenforceable, and because any motion now made in the district court under Rule 41(a)(2) would not be subject to a motion to compel arbitration, we affirm. That is, given the current state of the law, the district court's grant of Rivas's motion under Rule 41(a)(2) would not be an abuse of discretion.

**AFFIRMED**.